OPINION
{¶ 1} Appellant, Kaval Corporation, appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of appellee, Ohio Liquor Control Commission ("commission"), that affirmed an order of the Superintendent of the Ohio Division of Liquor Control ("division") denying appellant's 2003-2004 renewal application for a C-1, C-2, and D-6 liquor permit. Because the common pleas court did not abuse its discretion in finding that the commission's decision was supported by reliable, probative, and substantial evidence and was in accordance with law, we affirm.
 {¶ 2} Appellant does business as Mike's Convenience Mart, a grocery/carryout store in Cleveland Heights, Ohio. On August 24, 1995, the division issued C-1, C-2 and D-6 liquor permits to appellant. At all relevant times prior to May 2001, Ajit Patel was appellant's sole shareholder. On May 9, 2001, appellant filed an application with the division to transfer all of its stock from Ajit Patel to Manojkumar (aka "Mike") Patel.
 {¶ 3} On December 13, 2001, Mike Patel and another individual not related to this appeal were indicted by the Cuyahoga County Grand Jury on 15 counts, including engaging in a pattern of corrupt activity, tampering with records, unauthorized access to a computer system, and forgery. Fourteen days later, Mike Patel signed an affidavit in which he stated that he transferred his stock in appellant to his wife, Binta Patel, pending the division's approval of the stock transfer.
 {¶ 4} On February 6, 2002, while Mike Patel's criminal case was still pending, appellant submitted an application to the division requesting its consent to a stock transfer from Mike Patel to his wife Binta Patel. In a letter accompanying the application, appellant's counsel noted that the earlier request for consent to the transfer of appellant's stock from Ajit Patel to Mike Patel was still pending with the division.
 {¶ 5} On July 8, 2002, Mike Patel pled guilty to tampering with records, a third degree felony, and unauthorized access to a computer system, a fifth degree felony, and was sentenced to one and one-half years in state prison. The remaining counts of indictment were nolled. The convictions were unrelated to the liquor permit or the operation of appellant's grocery/carryout business.
 {¶ 6} On July 11, 2002, the division approved appellant's first application for consent to stock transfer (i.e., the transfer of all Ajit Patel's stock in appellant to Mike Patel).
 {¶ 7} On August 12, 2002, appellant submitted an application for renewal of permits for 2002-2003 to the division in which it represented that Mike Patel had the title of president and that he was appellant's sole shareholder. In addition, in response to a question regarding whether an officer or shareholder of the permit holder had been convicted of a crime not previously reported to the division, appellant checked the box marked "no." Apparently, the division renewed the permits.
 {¶ 8} On September 1, 2003, appellant submitted an application for renewal of permits for 2003-2004 to the division in which it again represented that Mike Patel had the title of president and was its sole shareholder. Appellant also identified Mike Patel as its vice president, treasurer, and secretary. Moreover, appellant again answered the following question by checking the box marked "no":
HAS THE PERMIT HOLDER, ANY PARTNER, MEMBER, OFFICER, DIRECTOR, 10% OR MORE STOCKHOLDER OR MANAGER BEEN CONVICTED OF ANY CRIME NOT PREVIOUSLY REPORTED BY THE PERMIT HOLDER TO THIS DIVISION? IF YES, LIST AND EXPLAIN.
 {¶ 9} Thereafter, the superintendent of the division notified appellant that its 2003-2004 renewal application was denied. The division explained that its investigation revealed Mike Patel's felony convictions and misrepresentations of material fact in appellant's renewal application. Specifically, the superintendent concluded that appellant violated R.C. 4303.29(A) (division may refuse to renew any permit of person convicted of felony that is reasonably related to person's fitness to operate a liquor permit business); R.C. 4303.292(A)(1)(a) (division may refuse to renew any retail permit issued under this chapter if it finds applicant or officer or any shareholder owning five percent or more of applicant's capital stock has been convicted at any time of a crime that relates to fitness to operate a liquor establishment); and R.C. 4303.292(A)(1)(c) (division may refuse to renew any retail permit if it finds applicant has misrepresented a material fact in applying for permit).
 {¶ 10} Appellant appealed the superintendent's decision to the commission. Appellant also moved that the commission stay enforcement of the division's order. The commission granted appellant's motion to stay pending its determination of appellant's appeal. Following an evidentiary hearing, the commission affirmed the division's order denying appellant's renewal application.
 {¶ 11} Appellant appealed the commission's decision to the Franklin County Court of Common Pleas. The trial court affirmed the commission's order to the extent that the commission found appellant in violation of R.C. 4303.292(A)(1)(c) (misrepresentation of material fact in its application). The trial court reversed that portion of the commission's order which found violations of R.C. 4303.292(A) and 4303.292(A)(1)(a), finding the absence of reliable, probative, and substantial evidence that Mike Patel's felony convictions were related to his fitness to operate a liquor permit business in Ohio.
 {¶ 12} Appellant appeals, assigning the following error:
The Court of Common Pleas of Franklin County, Ohio, erred in ruling that the Order of the Ohio Liquor Control Commission was supported by reliable, probative, and substantial evidence.
 {¶ 13} Pursuant to R.C. 119.12, when a common pleas court reviews an order of an administrative agency, the common pleas court must consider the entire record to determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Huffman v.Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87; Univ. ofCincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110-111;Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275, 280;Marciano v. Ohio Liquor Control Comm., Franklin App. No. 02AP-943, 2003-Ohio-2023, at ¶ 14. Reliable, probative, and substantial evidence has been defined as follows:
* * * (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571.
 {¶ 14} On appeal to this court, the standard of review is more limited. The appellate court is to determine only if the trial court has abused its discretion in finding the presence or absence of reliable, probative, and substantial evidence. Ponsv. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with law, this court's review is plenary. Univ. Hosp., Univ. ofCincinnati College of Medicine v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 339, paragraph one of the syllabus; FOEAerie 3998 v. Ohio Liquor Control Comm., Franklin App. No. 03AP-909, 2004-Ohio-3308, at ¶ 7.
 {¶ 15} In support of its assignment of error, appellant argues that there is no reliable, probative, and substantial evidence that it misrepresented facts in its 2003-2004 renewal application. Appellant contends that Mike Patel transferred his shares of appellant's stock to his wife, Binta Patel, prior to appellant's submission of the subject renewal application. Appellant asserts that because Mike Patel was not a shareholder at the time it submitted its renewal application, appellant accurately responded "no" to the question about whether any ten percent or greater shareholder had been convicted of any crime not previously reported to the division. Therefore, appellant contends there was no reliable, probative, and substantial evidence to support the commission's order. We disagree.
 {¶ 16} We first note that the commission found appellant's 2003-2004 renewal application violated R.C. 4303.292(A)(1)(c), which provides in relevant part:
(A) The division of liquor control may refuse to * * * renew * * * any retail permit issued under this chapter if it finds either of the following:
(1) That the applicant, or any partner, member, officer, director, or manager of the applicant, or, if the applicant is a corporation or limited liability company, any shareholder owning five per cent or more of the applicant's capital stock in the corporation or any member owning five per cent or more of either the voting interests or membership interests in the limited liability company:
* * *
(c) Has misrepresented a material fact in applying to the division for a permit * * * [.]
Therefore, if there is reliable, probative, and substantial evidence indicating that appellant misrepresented a material fact in its renewal application, the trial court must affirm the commission's refusal to renew the application. Here, the trial court did not abuse its discretion in finding such evidence.
 {¶ 17} Appellant's 2003-2004 renewal application represents that Mike Patel owns 100 percent of appellant's stock. It also identifies Mike Patel as appellant's president, vice president, treasurer, and secretary. Lastly, appellant's application expressly denies that it or "any partner, member, officer, director, 10% of more stockholder or manager been convicted of any crime not previously reported by the permit holder to this division." It was undisputed that Mike Patel had two felony convictions prior to submission of appellant's 2003-2004 renewal application and that those convictions had not previously been disclosed to the division.
 {¶ 18} Appellant argues that Mike Patel was not, in fact, a shareholder of appellant at the time it submitted its 2003-2004 renewal application. If Mike Patel was not a shareholder of appellant at the time appellant submitted its renewal application as alleged in Mike Patel's affidavit, then appellant's statement that Mike Patel owned 100 percent of its shares was a material misrepresentation. In addition, appellant's 2003-2004 renewal application represents that Mike Patel held several officer positions with appellant. Therefore, regardless of Mike Patel's shareholder status, appellant's statement that no officer had been convicted of a crime not previously disclosed to the division was also a material misrepresentation. If Mike Patel was not an officer of appellant, then appellant's identification of him as its president, vice president, secretary and treasurer was a material misrepresentation.
 {¶ 19} Given the clear misrepresentations contained on the face of appellant's 2003-2004 renewal application, the trial court did not abuse its discretion in finding that the commission's order was supported by reliable, probative, and substantial evidence and was in accordance with law. Therefore, appellant's assignment of error is overruled.
 {¶ 20} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
French and McGrath, JJ., concur.